## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ADAM BRANDT, | ) |
|         PLAINTIFF, | ) |
|     vs. | )   CIVIL ACTION NO.: |
| MARK OF EXCELLENCE | ) |
| CREATIVE ENVIRONMENTS LLC | ) |
| and MARK REAVES, | ) |
|       DEFENDANTS | |

## COMPLAINT FOR DAMAGES UNDER THE
## FAIR LABOR STANDARDS ACT

### I. NATURE OF CLAIM

PLAINTIFF ADAM BRANDT asserts his claim under the Fair Labor Standard Act 29 USC §201 *et seq* ("FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation and attorney's fees, on the grounds set forth below:

### II. JURISDICTION AND VENUE

1.    Jurisdiction of this court is invoked pursuant to section 16c of the FLSA, 28 USC §1331, 1337 and 29 USC §216(b).

2.     This court has venue for al causes of action stated herein pursuant to 28 USC
§1391(b)(2) as the acts alleged as the basis for the claims at issue took place
within this Court's jurisdictional boundaries.

3.     PLAINTIFF is a United States citizen who resides in Duluth, Gwinnett
County, Georgia.

4.     DEFENDANT MARK OF EXCELLENCE CREATIVE ENVIRONMENTS
LLC ("MOE") is a corporation doing business within this judicial district
and is subject to the jurisdiction of this Court.

5.     Throughout this relevant period of this lawsuit, DEFENDANT MARK
REAVES ("Reaves") asserted sole control of the company's day to day
operations at the locations where PLAINTIFF worked, and had direct
responsibility for the supervision of PLAINTIFF and therefore is an
employer within the meaning of the FLSA, 42 USC §203(d) and is not
exempt under the Act.

6.     DEFENDANTS employed PLAINTIFF as an employee of MOE therefore is
an employer within the meaning of the FLSA, 42 USC §203(d) and is not
exempt under the Act.

7.     DEFENDANT MOE, at all times mentioned in this complaint, was part of a
common enterprise controlled and operated by DEFENDANT Reaves.  This

common enterprise includes MOE; The Topiary Courtyard Specialty and
Accent Plants LLC; and Garden Extensions LLC.  Such enterprises were and
are related by common control of DEFENDANT Reaves for a common
business purpose and constituted an enterprise within the meaning of section
3(r) of the FLSA (29 USC §203(r).)

8.    On information and belief, this common enterprise purchased goods across
state lines and did work in multiple states, and had annual gross volume of
sales exceeding $500,000 for work in landscaping, gardening, topiary
installation, and yard maintenance.  Therefore, DEFENDANT MOE is an
enterprise engaged in interstate commerce within the meaning of the FLSA
29 USC §203(r) and (s)(1).

9.    PLAINTIFF was employed by DEFENDANTS from May 2011 to
September 2011, and by reason of such employment, PLAINTIFF was
employed during the period by an enterprise engaged in commerce within
the meaning of sections 6(a) and 7(a) of the FLSA. 29 USC §§206(a) and
207(a).

### III. FACTUAL ALLEGATIONS

10.   PLAINTIFF is a former employee of DEFENDANTS, and was denied
proper overtime compensation during the relevant period of his employment.

11.   PLAINTIFF was employed as a gardener.  His primary duties were to drive to job sites, perform landscape maintenance at DEFENDANT Reaves direction.  This maintenance included physical activities such as cutting grass, edging, blowing, pruning, and cleanup.

12.   PLAINTIFF also installed irrigation, but this was a separate duty for which he was paid separately as a contractor, and was not part of his regular duties for DEFENDANT MOE.

13.   Throughout PLAINTIFF'S employment, he was paid on a salary equivalent to $4,000 per month.  On information and belief, DEFENDANTS placed PLAINTIFF on salary in order to avoid paying overtime compensation.

14.   Throughout PLAINTIFF'S employment, he engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA and therefore are expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

15.   Throughout PLAINTIFF'S employment, he was classified as a non- exempt employee for purposes of the FLSA.

16.    Throughout PLAINTIFF'S employment, his primary duties conformed to a very specific standard of conduct that did not involve the exercise of discretion and independent judgment.

17.   Throughout PLAINTIFF'S employment, his primary duties did not involve professional, administrative or managerial duties.

18.   Throughout PLAINTIFF'S employment, he worked over forty (40) hours per week.

19.   Throughout PLAINTIFF'S employment, DEFENDANTS were aware of the extra hours PLAINTIFF worked each week in excess of forty (40) hours because DEFENDANT REAVES was present when PLAINTIFF worked the extra hours.

20.   Additionally, in an e-mail sent by DEFENDANT Reaves to PLAINTIFF, DEFENDANT Reaves informed PLAINTIFF that "You are a salaried employee, so no matter if you work 30 hours of 60 hours this is the expectation."

21.   Throughout PLAINTIFF'S employment, DEFENDANTS did not pay PLAINTIFF overtime compensation for all the work PLAINTIFF performed in excess of forty (40) hours in a workweek at the rate of one and one-half times PLAINTIFF'S respective regular hourly rates.

22.   Throughout PLAINTIFF'S employment, PLAINTIFF was paid only his base salary despite consistently working more than forty (40) hours in a week. However, throughout PLAINTIFF'S employment, DEFENDANTS

did not pay PLAINTIFF proper overtime compensation for all the work he performed in excess of forty (40) hours in a workweek at the rate of one and one-half times PLAINTIFF'S respective regular hourly rates.

23. Throughout PLAINTIFF'S employment, there is no evidence that the conduct of DEFENDANTS that gave rise to this action was in good faith and based on reasonable grounds for believing that his conduct did not violate the FLSA.

24. Throughout PLAINTIFF'S employment, DEFENDANTS knowingly, intentionally and willfully violated the FLSA by failing to pay PLAINTIFF the overtime compensation and other compensation to which PLAINTIFF was entitled.

## IV. CLAIM

*Count 1 for overtime compensation due under 29 USC §207*

25. PLAINTIFF re-alleges paragraphs 1-23 above and incorporates them by reference as if fully set forth herein.

26. By engaging in the above-described conduct, DEFENDANT MOE and DEFENDANT REAVES violated the FLSA with respect to PLAINTIFF.

27.    By engaging in the above-described conduct, DEFENDANT MOE and

DEFENDANT REAVES knowingly, intentionally and willfully violated the

FLSA with respect to PLAINTIFF.

28.    Throughout the relevant period of this lawsuit, there is no evidence that the

conduct of DEFENDANT MOE and DEFENDANT REAVES that gave rise

to this action was in good faith and based on reasonable grounds for

believing that their conduct did not violate the FLSA.

29.    As a direct and proximate result of the above-described conduct,

PLAINTIFF has lost overtime wages in the amount of $9,736.00, plus

interest.

30.    Said violations give rise to claims for relief under the FLSA for PLAINTIFF

for past due overtime compensation for three years prior to the filing of this

Complaint, prejudgment interest, liquidated damages in an amount equal to

the unpaid compensation, declaratory and injunctive relief and reasonable

attorneys fees and expenses of litigation, pursuant to 29 U.S.C. § 201 et seq.

WHEREFORE, PLAINTIFF respectfully prays that this Court do the following:

   a) Issue a declaratory judgment that DEFENDANT MOE and DEFENDANT

       REAVES have engaged in unlawful employment practices in violation of

       the FLSA with respect to PLAINTIFF;

b) Enter  judgment awarding PLAINTIFF unpaid wages pursuant to the FLSA section 7,(29 U.S.C. §207), FLSA section 6, (29 U.S.C. § 206(d)), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant  to 29 U.S.C.§216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA;

c) Hold a bench trial for all issues so triable; and

d) Provide such other and further relief as the Court may deem just and proper.

Dated this 30th day of July, 2012

/s/ *Rachel M. Lazarus*
Rachel M. Lazarus
Attorney for PLAINTIFF
Georgia Bar No. 101069
Gwinnett Legal Aid
180 Camden Hill Road, Suite A
Lawrenceville, GA 30046
(678) 514-4818
Fax (678) 407-6459
rmlazarus@atlantalegalaid.org