# MUTUAL SETTLEMENT AGREEMENT AND FINAL RELEASE
### READ CAREFULLY BEFORE SIGNING

This Mutual Settlement Agreement and Final Release ("Agreement") is made as of the 10th day of January, 2013, by and among:

(a) **ADAM BRANDT** and all of his current and former agents, representatives, successors, assigns, heirs, beneficiaries, administrators, and estates (collectively, "Brandt"); and

(b) the following persons and entities and their (past, present, and future) parent, subsidiary, and affiliate companies; officers; directors; stockholders; partners; limited partners; joint venturers; agents; representatives; employers; employees; servants; volunteers; contractors; predecessors; successors; assigns; heirs; beneficiaries; executors; administrators; estates; attorneys; claim administrators; third-party administrators; insurers; and re-insurers: MARK OF EXCELLENCE CREATIVE ENVIRONMENTS, LLC ("MOE") and MARK REAVES ("Reaves") (collectively "Employer").

## I. RECITALS

(a) BRANDT is a former employee of MOE. BRANDT contended he was employed as a gardener and that his primary duties were to drive to job sites, perform landscape maintenance at DEFENDANT Reaves direction. This maintenance included physical activities such as cutting grass, edging, blowing, pruning, and cleanup. Employer contended, however, that BRANDT was formerly employed by MOE as a supervisor of a landscaping maintenance crew and to market, sell and oversee the installation of irrigation systems. Employer contends that Reaves did not directly supervise or control Plaintiff.

(b) Throughout BRANDT'S employment, he was paid on a salary equivalent to $4,000 per month.

(c) Throughout BRANDT'S employment, he worked over forty (40) hours per week, as required by MOE.

(d) BRANDT was not paid overtime for work done, if any, in excess of forty (40) hours per week.

(e) At the time of BRANDT'S employment, there were no other employees similarly situated to BRANDT.

(f) BRANDT filed suit in the Northern District of Georgia on July 30, 2012, in a case styled <u>BRANDT v. Mark of Excellence Creative Environments LLC et al</u>, 1:12-cv-02628-WSD ("Civil Action") alleging that he was entitled to overtime compensation under the Fair Labor Standards Act. Employer denied that BRANDT was entitled to overtime compensation as it had classified BRANDT as exempt. Employer also disputed the total hours claimed by BRANDT and

whether all hours claimed by BRANDT were compensable. Reaves, individually, disputed that the Court had obtained personal jurisdiction over him.

(g) BRANDT and EMPLOYER (collectively, the "Parties") desire to enter into this Agreement in full and final satisfaction of all actual and potential claims, suits, costs, debts, demands, actions, and causes of action arising from BRANDT'S employment with MOE, and in consideration of the promises and covenants contained herein and the payments set forth below, the receipt, adequacy, and sufficiency of said consideration being hereby acknowledged.

## II. AGREEMENT

### 1. Amounts to be Paid and Other Consideration

1.1. BRANDT will receive monetary consideration in the gross amount of Two Thousand Five Hundred and 00/100 Dollars ($2,500.00). This total sum will be paid with the first payroll paid by MOE following judicial approval of the Consent Motion (as defined below), but in any event, no later than ten (10) days from such approval. These payments will be subject to all applicable taxes and withholdings and MOE will include these payments in the W-2 form issued to BRANDT in relation to his employment with MOE.

1.2. Upon the Parties' full and complete execution of this Agreement, the Parties shall execute a consent motion to dismiss BRANDT's civil lawsuit against Employer ("Consent Motion"), in a form prepared by counsel for BRANDT and agreed upon by counsel for Employer. Counsel for BRANDT shall file the consent motion in the Office of the Clerk for the Northern District of Georgia, with a copy to be served upon counsel for Employer.

### 2. Satisfaction and Release of Claims and Potential Claims

2.1. Brandt hereby forever releases, discharges, and acquits Employer and all other persons, firms, and corporations, whether named or unnamed, from all claims, suits, costs, debts, demands, actions, and causes of action, whether known or unknown, that he had, has, or might have in the future for all injuries and damages of any nature whatsoever arising out of or in any way connected with his employment.

2.2. It is understood and agreed that this Agreement extinguishes all claims, suits, costs, debts, demands, actions, and causes of action, whether known or unknown, that Brandt had, has, or might have in the future for, upon, or by reason of any economic or non-economic damage, cost, expense, loss or injury, whether known or unknown, that may be traced either directly or indirectly to Brandt's employment, as now appearing or as may appear at any time in the future, no matter how remotely they may be related to Brandt's employment, including but not limited to all claims, suits, costs, debts, demands, actions, and causes of action for personal or bodily injury; pain and suffering; mental or emotional distress; humiliation or embarrassment; defamation; fraud; deceit; civil damages and penalties for the violation of any state and/or federal

Racketeer Influenced and Corrupt Organizations Act (RICO); tortious conduct of any kind; invasion of privacy; medical, hospital, dental, and other healthcare-related expenses, including but not limited to hospital, therapy, counseling, rehabilitation expenses, care, and treatment; loss or diminishment of earnings or earning capacity; property damage, including but not limited to towing fees, loss or diminution in value, and storage fees; injury, damage, or adverse effect on credit; loss of consortium; loss of society; loss of services; interference with or breach of contract (express or implied); detrimental reliance; breach of the duty of good faith and fair dealing (express or implied); breach of fiduciary duty; interference with advantageous, business, contractual, or employment relationships of any kind; deprivation of civil rights and discrimination under state and federal law; attorney fees, costs, and expenses of litigation pursuant to a contract, at law (including but not limited to 42 U.S.C. § 1988 and O.C.G.A. §§ 9-11-68, 9-15-14, and 13-6-11), or otherwise; bad faith; bad faith failure to settle; bad faith failure to pay a claim under O.C.G.A. § 33-4-6; extra-contractual liability of any nature whatsoever; punitive and exemplary damages; subrogation; all other claims arising under law or at equity related to the Incident; and all other items of loss or damage related to the Incident which are, were, or could be vested in Brandt, including but not limited to all claims that were or could have been asserted in the Civil Action.

2.3. Employer hereby forever releases, discharges, and acquits Brandt from all claims, suits, costs, debts, demands, actions, and causes of action, whether known or unknown, for all injuries and damages of any nature whatsoever arising out of or in any way connected with his employment at MOE.

2.4. It is understood and agreed that this Agreement extinguishes all claims, suits, costs, debts, demands, actions, and causes of action, whether known or unknown, that Employer had, have, or might have in the future for, upon, or by reason of any economic or non-economic damage, cost, expense, loss or injury, whether known or unknown, that may be traced either directly or indirectly to Brandt's employment at MOE, as now appearing or as may appear at any time in the future, no matter how remotely they may be related to Brandt's employment at MOE, including but not limited to all claims, suits, costs, debts, demands, actions, and causes of action for defamation; fraud; deceit; civil damages and penalties for the violation of any state and/or federal Racketeer Influenced and Corrupt Organizations Act (RICO); tortious conduct of any kind; property damage, including but not limited to towing fees, loss or diminution in value, and storage fees; injury, damage, or adverse effect on credit; interference with or breach of contract (express or implied); detrimental reliance; breach of the duty of good faith and fair dealing (express or implied); interference with advantageous, business, contractual, or employment relationships of any kind; attorney fees, costs, and expenses of litigation pursuant to a contract, at law (including but not limited to 42 U.S.C. § 1988 and O.C.G.A. §§ 9-11-68, 9-15-14, and 13-6-11), or otherwise; bad faith; bad faith failure to settle; bad faith failure to pay a claim under O.C.G.A. § 33-4-6; extra-contractual liability of any nature whatsoever; punitive and exemplary damages; subrogation; all other claims arising under law or at equity related to Brandt's employment at MOE; and all other items of loss or damage related to Brandt's employment at MOE which are, were, or could be vested in Employer.

2.5. In executing this Agreement, the Parties acknowledge that the injuries, damages, and losses may not now be fully known and may be more numerous and/or more serious than now believed; that this Agreement is intended to be and is final, with the Parties taking their chances that their injuries and/or damages may prove to be more numerous and/or more serious than now believed; and that the words "injuries" and/or "damages" where used in this Agreement include but are not limited to all injuries and/or damages and all consequences of such injuries and damages from the Incident and from Brandt's employment at MOE, which are now developed or which may hereafter develop.

2.6. It is further understood and agreed that neither of the Parties shall be considered "prevailing parties" for any purpose, including but not limited to recovery of attorney fees, costs, and expenses of litigation under state or federal law.

### 3. No Admission of Liability

This Agreement constitutes a settlement by compromise of a disputed claim or claims or potential claim or claims arising out of, related to, or in some way connected with Brandt's employment at MOE, and it is intended by the Parties to put an end to the litigation and buy their peace. Neither this settlement and compromise nor the payment of the sums and other consideration set forth herein shall be construed as an admission of liability or wrongdoing by any Party, all such liability and wrongdoing being expressly denied.

### 4. Covenants, Representations, and Warranties

<u>Brandt hereby covenants, represents, and warrants that:</u>

4.1. He is presently over the age of eighteen (18).

4.2. Neither he nor anyone acting on his behalf has assigned, transferred, or sold, or purported to assign, transfer, or sell, to any person or entity any claim or potential claim, demand, action, cause of action, or right released by this Agreement.

4.3. He shall be and is solely responsible for payment of all of his attorney fees, expenses, court costs, and taxes (including but not limited to penalties and interest) of any nature whatsoever relating to the Civil Action or to this settlement, compromise, release, and termination of claims and potential claims.

4.4. There are no actual or potential liens of any kind whatsoever on the claims and potential claims being released hereunder.

4.5. He is not and has not been a debtor in any bankruptcy proceedings nor filed for protection under the bankruptcy laws.

4.6. He does not suffer from any legal disability that prevents him from having the capacity to enter into and execute this Agreement; and he does, in fact, have the legal capacity, power, and authority to enter into and execute this Agreement.

AB    MOE

4.7. He has not been influenced to any extent whatsoever by any representation or statement of any representative of Employer, and no statement, representation, promise, or agreement of any nature whatsoever, other than those contained in this Agreement, has been made to or with him.

4.8. Before executing this Agreement, he has discussed its contents with his attorney, has relied solely upon his own judgment in entering into this Agreement, and has executed this Agreement with full knowledge of its contents and of his own free will and accord.

<u>MOE and Reaves hereby covenant, represent, and warrant that:</u>

4.9. Neither they nor anyone acting on their behalf has assigned, transferred, or sold, or purported to assign, transfer, or sell, to any person or entity any claim or potential claim, demand, action, cause of action, or right released by this Agreement.

4.10. They shall be and are solely responsible for payment of all of their attorney fees, expenses, court costs, and taxes (including but not limited to penalties and interest) of any nature whatsoever relating to the Civil Action or to this settlement, compromise, release, and termination of claims and potential claims.

4.11. Before executing this Agreement, they have discussed its contents with their attorney, have relied solely upon their own judgment in entering into this Agreement, and have executed this Agreement with full knowledge of its contents and of their own free will and accord.

5. **Indemnity**

5.1. As part of the consideration set forth herein, Brandt shall indemnify, defend, and forever hold harmless Employer against all claims, actions, causes of action, and demands, because of or in any manner directly or indirectly arising out of, related to, or connected with the claims or potential claims being released by this Agreement. Brandt shall reimburse, indemnify, and make good any losses, damages, or costs that Employer pays or sustains, or may have to pay or sustain, arising from such a claim. Brandt hereby waives any and all rights of exemption or stay, both as to real and personal property, to which he may be entitled under the laws of the State of Georgia or any other state, or the United States Bankruptcy Code, as against such claims for reimbursement or indemnity. This indemnity obligation expressly includes an obligation to defend and indemnify Employer for claims arising from the sole negligence or conduct of Employer as such claims are related to Brandt's employment. This indemnity obligation also includes indemnity for the reasonable costs, including attorney fees, of enforcing this indemnity agreement.

5.2. As part of the consideration set forth herein, MOE and REAVES shall indemnify, defend, and forever hold harmless Brandt against all claims, actions, causes of action, and demands, including but not limited to subrogation claims or liens asserted by any insurance company, which may hereafter be brought or instituted against Brandt because of or in any manner directly or indirectly arising out of, related to, or connected with Brandt's employment at MOE, provided the claims do not involve any of the claims for which Brandt must indemnify Moe and Reaves under this Agreement. MOE and Reaves shall reimburse, indemnify, and make good any losses, damages,

AB    MOE

or costs that Brandt pays or sustains, or may have to pay or sustain, arising from such a claim. MOE and Reaves hereby waive any and all rights of exemption or stay, both as to real and personal property, to which they may be entitled under the laws of the State of Georgia or any other state, or the United States Bankruptcy Code, as against such claims for reimbursement or indemnity. This indemnity obligation expressly includes an obligation to defend and indemnify Brandt for claims arising from the sole negligence or conduct of Brandt as such claims are related to Brandt's employment at MOE except if any of the claims are claims for which Brandt must indemnify Moe and Reaves under this Agreement. This indemnity obligation also includes indemnity for the reasonable costs, including attorney fees, of enforcing this indemnity agreement.

### 6. **Miscellaneous**

6.1.    This Agreement was arrived at after thorough bargaining and negotiations, with Brandt, MOE, and Reaves having been represented by their respective attorneys throughout said bargaining and negotiations. This Agreement shall be construed as if the Parties hereto jointly prepared it, and any uncertainty or ambiguity shall not be construed or interpreted against the party actually preparing this Agreement.

6.2.    This Agreement contains the entire agreement and understanding of the Parties; supersedes all prior agreements, arrangements, and understandings relating to the subject matter of this Agreement; may not be modified, in whole or in part, except by written agreement signed by all the Parties; and is binding upon the Parties and their agents, representatives, successors, assigns, and heirs.

6.3.    The Parties hereby understand, acknowledge, and agree that they may hereafter discover facts different from or in addition to those which they now know or believe to be true with respect to the claims being released by this Agreement and that, in such event, this Agreement shall nevertheless be effective and remain in force in all respects.

6.4.    Neither the Parties nor their counsel make any representation as to the tax consequences, if any, of the provisions of this Agreement.

6.5.    The section headings are included solely for convenience of reference and, in the event of any conflict between any section heading and the text of this Agreement, the text shall control.

6.6.    This Agreement shall be construed and interpreted in accordance with the laws of the State of Georgia and without giving effect to the principles of conflicts or choice of laws.

6.7.    A waiver by any of the Parties of any breach of this Agreement or any provision of this Agreement shall not operate or be construed as a waiver of any other provision of this Agreement or any subsequent breach by any of the Parties.

6.8.    If a court of competent jurisdiction determines that any term, provision, or part of this Agreement is invalid, unenforceable, or void for any reason whatsoever, then such invalid,

_AB_ _MOE_ (signatures)

unenforceable, or void term, provision, or part shall be severed from the remainder of this Agreement and shall not affect the validity or enforceability of the remainder of this Agreement.

6.9. In the event of litigation relating to, arising out of, or connected with a breach of this Agreement, the prevailing party shall be entitled to recover all costs, expenses, and actual attorney fees incurred therein.

6.10. The Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement which are not inconsistent with its terms.

6.11. This Agreement may be executed in any number of counterparts, all of which together shall constitute one agreement binding on the parties hereto.

* * *

Having carefully read this Agreement in its entirety and having fully informed themselves of and understanding its contents, the Parties indicate their agreement and execute this Agreement of their own free will and accord by their signatures as of the date first set forth above.

WITNESS MY HAND AND SEAL this _____ day of January, 2013.

_____ L.S. (Seal)
Adam Brandt

Sworn to and subscribed before me,
this _____ day of January, 2013.

_____
Notary Public
My Commission Expires:

_____

[SIGNATURES CONTINUED ON NEXT PAGE]

*Executed Copy on next page*

AB   MB

unenforceable, or void term, provision, or part shall be severed from the remainder of this Agreement and shall not affect the validity or enforceability of the remainder of this Agreement.

6.9. In the event of litigation relating to, arising out of, or connected with a breach of this Agreement, the prevailing party shall be entitled to recover all costs, expenses, and actual attorney fees incurred therein.

6.10. The Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement which are not inconsistent with its terms.

6.11. This Agreement may be executed in any number of counterparts, all of which together shall constitute one agreement binding on the parties hereto.

\*   \*   \*

Having carefully read this Agreement in its entirety and having fully informed themselves of and understanding its contents, the Parties indicate their agreement and execute this Agreement of their own free will and accord by their signatures as of the date first set forth above.

WITNESS MY HAND AND SEAL this __15__ day of January, 2013.

_____ L.S. (Seal)
Adam Brandt

Sworn to and subscribed before me,
this __15__ day of January, 2013.

_____
Notary Public
My Commission Expires:

__Sept 6, 2016__

[SIGNATURES CONTINUED ON NEXT PAGE]

WITNESS MY HAND AND SEAL this ___13___ day of January, 2013.

                                              MARK OF EXCELLENCE CREATIVE ENVIRONMENTS, LLC
By: Mark Reaves, its sole member

_____ L.S. (Seal)
Mark Reaves, its sole member

Sworn to and subscribed before me,
this ___13___ day of January, 2013.

_____
Notary Public
My Commission Expires:

FEB / 2014

RUDOLPH BRETT WITHERS
NOTARY PUBLIC
FULTON COUNTY, GEORGIA
MY COMM. EXPIRES
2/01/2014

WITNESS MY HAND AND SEAL this _____ day of January, 2013.

_____ L.S. (Seal)
Mark Reaves

Sworn to and subscribed before me,
this ___13___ day of January, 2013.

_____
Notary Public
My Commission Expires:

FEB / 2014

RUDOLPH BRETT WITHERS
NOTARY PUBLIC
FULTON COUNTY, GEORGIA
MY COMM. EXPIRES
2/01/2014

[SIGNATURES CONTINUED ON NEXT PAGE]

AB     MOE

**I HAVE READ AND APPROVED THIS MUTUAL SETTLEMENT AGREEMENT AND FINAL RELEASE ON BEHALF OF ADAM BRANDT AND I HEREBY RELEASE MARK OF EXCELLENCE, LLC AND MARK REAVES FROM ALL CLAIMS THAT ATLANTA LEGAL AID SOCIETY, INC. HAS OR MAY HAVE FOR ATTORNEY FEES, COSTS, AND EXPENSES IN CONNECTION WITH THE PROSECUTION OF THIS CLAIM.**

_/s/ Rachel M. Lazarus_
Rachel M. Lazarus
Attorney for Adam Brandt
Georgia Bar No. 101069
Gwinnett Legal Aid
180 Camden Hill Road, Suite A
Lawrenceville, GA 30046
(678) 514-4818
Fax (678) 407-6459
rmlazarus@atlantalegalaid.org

**I HAVE READ AND APPROVED THIS MUTUAL SETTLEMENT AGREEMENT AND FINAL RELEASE ON BEHALF OF MARK OF EXCELLENCE, LLC AND MARK REAVES AND I HEREBY RELEASE ADAM BRANDT FROM ALL CLAIMS THAT I HAVE OR MAY HAVE FOR ATTORNEY FEES, COSTS, AND EXPENSES IN CONNECTION WITH THE PROSECUTION OF THIS CLAIM.**

_/s/ J. Bertram Levy_
J. Bertram Levy
Georgia Bar No. 449609
Attorneys for Defendants
FINE AND BLOCK
2606 Mount Paran Road, Suite 106
Atlanta, Georgia 30329
(404) 261-6800
(404) 261-6960 (fax)
blevy@fineandblock.com

AB   MOE